IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL TREVOR ASHBAUGH,

                **Plaintiff,**

    v.                                                                    CASE NO. 19-3089-SAC

TERRY WAGNER, et al.,

                **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Daniel Trevor Ashbaugh brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. Mr. Ashbaugh commenced this action while incarcerated in the Crawford County Jail. For the reasons discussed below, Plaintiff is ordered to show cause why his complaint should not be dismissed.

### I. Nature of the Matter before the Court

Plaintiff's complaint (ECF No. 1) alleges defendants violated his due process rights. He names as defendants Kaw Valley Center ("KVC")[1], a caseworker employed by KVC, and the supervisor of that caseworker. The complaint claims Plaintiff's two children were taken away from him by the State of Kansas and placed in KVC's custody in November of 2017. He alleges KVC has failed to allow him to see his children, to give him a court date, or to give him a "real"

---

[1] The Court construes "Kaw Valley Center" to refer to KVC Kansas, which provides case management, therapy, and other services to children and families served by the Kansas Department for Children and Families in parts of the State of Kansas. *See* https://www.kvc.org.

case plan. As relief, Plaintiff asks the Court to return his children to his custody and to order defendants to establish a case plan for him.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

The federal courts are courts of limited jurisdiction and may exercise jurisdiction only when they are authorized to do so. *Burdett v. Harrah's Kan. Casino Corp.*, 260 F. Supp. 2d 1109, 1112 (D. Kan. 2003). The domestic relations exception to the federal courts' jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Johnson v. Rodriguez (Orozco)*, 226 F.3d 1103, 1111 (10th Cir. 2000)(quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).

Because Plaintiff asks the Court to essentially issue a child custody decree, his claim would require the Court to intrude upon a domestic relations matter that is traditionally resolved in the state courts and is outside the Court's jurisdiction. Therefore, relief must be denied.

Furthermore, KVC is a private corporation that contracts with the State of Kansas to provide child welfare services. The two individual defendants are employed by KVC, a private entity. To state a claim for relief under §1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person *acting under color of state law*." *Bruner v. Baker*, 506 F.3d 1021, 1025-26 (10th Cir. 2007)(citation omitted)(emphasis added).

A private entity can be treated as a state actor ("acting under color of state law") under certain circumstances. *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). The Tenth Circuit has used four different tests to determine if a private entity is subject to liability under § 1983 as a state actor: the nexus test, the symbiotic relationship test, the joint action test, and the public function test. *Id.* The nexus test requires a close connection between the government and the challenged conduct and generally makes the state liable for a private individual's conduct "only when [the State] has exercised coercive power or has provided such

significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Schwab v. Kansas*, No. 16-CV-4033-DDC-KGS, 2017 WL 2831508, at *14 (D. Kan. June 30, 2017) (quoting *Gallagher*, 49 F.3d at 1448). The symbiotic relationship test looks at whether the state "has so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity." *Id.* The joint action test requires the Court to "examine whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Id.* Finally, the public function test determines whether the challenged action is "a function traditionally exclusively reserved to the State." *Id.*

Regardless of which test is used, Mr. Ashbaugh's complaint fails to assert sufficient facts to state a plausible claim against any of the named defendants under § 1983. *See Schwab*, 2017 WL 2831508, at *14.

Because the Court lacks jurisdiction and because none of the defendants appear to be state actors, Plaintiff's complaint is subject to dismissal. However, Plaintiff is given an opportunity to show cause why his complaint should not be dismissed.

## VI. Response Required

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **August 12, 2019**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 12th day of July, 2019, at Topeka, Kansas.

s/_Sam A. Crow_____
SAM A. CROW
U.S. Senior District Judge